UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER PAUL<br>591 Glenfield Way<br>West Palm Beach, FL, 33411<br><br>   Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave N.W.<br>Washington, DC, 20530<br><br>   Defendants. | **COMPLAINT** |

Plaintiff Peter Paul ("Plaintiff"), by and through the undersigned counsel, brings this action against Defendant United States Department of Justice ("DOJ") to compel compliance with the Privacy Act of 1974, 5 U.S.C.§ 552 (a) ("Privacy Act"). As grounds therefore, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5. U.S.C. § 552(a)(4)(B) and 28 § U.S.C 1331.

2. Venue is proper in this district pursuant to 28. U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Peter Paul is an individual and citizen of the state of Florida.

4. Defendant DOJ is an agency of the U.S. Government. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

1

5. On January 24, 2018, Plaintiff sent a Privacy Act request to DOJ by facsimile and Federal Express requesting:

*Request #1*: Any and all documents that refer or relate in any way to Peter F. Paul.

*Request #2*: Any and all documents that refer or relate in any way to Peter F. Paul with regard to any and all USDOJ Inspector General reports on investigations of Federal Bureau of Investigation ("FBI") alleged misconduct involving agents Ron Moretti, Angela Jett, Bruch Ohr, Noel Hillman, and Robert Levinson from 2001 to 2003.

A true and correct copy of Plaintiff's Privacy Act request was and Proof of Service are attached hereto as **Exhibit 1**.

6. DOJ was required to determine whether to comply with Plaintiff's Privacy Act Request within 20 days, excepting Saturdays, Sundays, and legal public holidays.

7. As of the date of this Complaint, even after nearly 8 months since the Privacy Act Request was made, DOJ has failed to make bona fide, good faith determinations much less respond at all concerning whether it will comply with Plaintiff's request. Nor has DOJ produced any records responsive to Plaintiff's request, indicated when any responsive records will be produced, or demonstrated that specific responsive records are exempt from production.

### FIRST CAUSE OF ACTION
**(Violation of Privacy Act of 1974, 5 U.S.C. § 552)**

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. DOJ is unlawfully withholding records requested by Plaintiff's Privacy Act Request pursuant to 5 U.S.C. § 552(a) as set forth in Exhibit 1, which is incorporated herein by reference.

10. Plaintiff is being irreparably harmed by reason of DOJ's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless DOJ is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court (1) order DOJ to conduct a and expedited search for any and all responsive records to Plaintiff's Privacy Act request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's Privacy Act Request; (2) order DOJ to produce, by a certain date in the near future, any and all non-exempt records responsive to Peter Paul's Privacy Act Request request and a *Vaughn* index of any responsive records withheld under claim of exception; and (3) grant Plaintiff such other relief as the Court deems just and proper. This Privacy Act request is of extreme importance not just to Plaintiff but also is in the public interest.

Dated: August 13, 2018							Respectfully submitted,

 /s/ *Larry Klayman*
Larry Klayman, Esq.
Klayman Law Group, P.A.
D.C. Bar No. 334581
2020 Pennsylvania Ave, NW
Suite 800
Washington, DC, 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

*Counsel for Plaintiff*